# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR MANNEH,<br><br>                              Plaintiff,<br>vs.<br>INVERNESS MEDICAL<br>INNOVATIONS, INC., a Delaware<br>Corporation; INNOVATIONS<br>RESEARCH, LLC, a Delaware limited<br>liability company; DAVID SCOTT;<br>DOES 1 through 50,<br><br>                              Defendants. | CASE NO. 08cv653 WQH (NLS)<br><br>**ORDER** |

HAYES, Judge:

    The matter before the Court is Defendants' Objections to Plaintiff's Witness and Exhibit List. (Doc. # 57).

## BACKGROUND

    Plaintiff Victor Manneh, a scientist, filed this action against his former employer Defendants Inverness Medical Innovations, Inc. and Innovations Research, LLC (collectively "Inverness"); David Scott, an employee of Inverness; and Does 1-50, in the Superior Court of the State of California for the County of San Diego. (Doc. # 1). Plaintiff alleged the following claims: (1) recision of his severance agreement; (2) declaratory relief that the severance agreement does not waive Plaintiff's claims; (3) breach of an agreement to transfer laboratory equipment to Plaintiff; (4) a common count for the reasonable value of Plaintiff's services;

1  (5) intentional misrepresentation; (6) negligent misrepresentation; (7) breach of Plaintiff's
2  employment contract; and (8) intentional interference with economic advantage. *Id.* Plaintiff
3  sought to recover damages for the value of the laboratory equipment he did not receive, or
4  alternatively, for the reasonable value of the services he performed in exchange for the
5  equipment; for the lost profits caused by a delay in opening his own business when he did not
6  receive the equipment; for the value of an option to purchase 7,500 shares of stock he did not
7  receive; for not being named as an inventor on a patent for an assay device; and for a business
8  opportunity he lost because he did not receive the equipment. *Id.* On April 10, 2008,
9  Defendants filed a Notice of Removal removing the case to federal court. *Id*. On December
10 1, 2009, this Court granted summary judgment in favor of Defendants and against Plaintiff on
11 Plaintiff's seventh claim for breach of the employment contract as to the patent for the assay
12 device and Plaintiff's eighth claim for interference with prospective economic advantage.
13 (Doc. # 43 at 21).

14  On May 21, 2010, the parties filed pretrial disclosures which list the witnesses and
15 exhibits each party expects to introduce at trial. (Docs. # 55-56). On June 4, 2010, Defendants
16 filed their objections to Plaintiff's pretrial disclosures. (Doc. # 57). Defendants contended that
17 Plaintiff failed to timely disclose witnesses Sean McHugh, Brian Mitchell, Dulce Santos, Mike
18 Donnelly, Ty Wilson, William E. Rogers, Steven Fait, Robert Dicheck, and Jack Wilkins and
19 Exhibits 14, 15, 40, 49, and 108-143. *Id.* On June 11, 2010, the Court held a pretrial
20 conference. *See* Doc. # 60. Following the pretrial conference, the Court set a briefing
21 schedule and hearing date on Defendants' objections. (Doc. # 61). On June 29, 2010,
22 Defendants withdrew their objections to witnesses Sean McHigh, Brian Mitchell, and Steven
23 Fait. (Doc. # 62). On July 8, 2010, Plaintiff withdrew Ty Wilson and Robert Dicheck as
24 witnesses. (Doc. # 63 at 1, n. 1). On July 30, 2010, Defendants withdrew their objections to
25 Plaintiff's Exhibits 109-110 and 143 and as to part of Exhibit 108. (Doc. # 64 at 2, n.1). The
26 Court held oral argument on the objections on August 6, 2010. At oral argument, Plaintiff
27 withdrew Dulce Santos and Mike Donnelly as witnesses and stated Jack Wilkins would only
28 be used for impeachment. Plaintiff also withdrew Exhibit 49 and the portion of Exhibit 108

to which Defendant objected. Defendants withdrew their objection to Wilkins to the extent he is offered for impeachment purposes.

## ANALYSIS

Pursuant to Federal Rule of Civil Procedure 37(c)(1),

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
> (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
> (B) may inform the jury of the party's failure; and
> (C) may impose other appropriate sanctions . . . .

District courts have "wide latitude" to exercise discretion in applying 37(c)(1). *See Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001). "Implicit in Rule 37(c)(1) is that the burden is on the party facing sanctions to prove harmlessness." *Id.* at 1107.

> Among the factors that may properly guide a district court in determining whether a violation of a discovery deadline is justified or harmless are: (1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of the trial; and (4) bad faith or willfulness involved in not timely disclosing the evidence.

*Lanard Toys, Ltd. v. Novelty, Inc.*, 2010 U.S. App. LEXIS 7585, No. 08-55795, slip op. at 19-20 (9th Cir. Apr. 13, 2010). Reopening discovery or changing the trial date can constitute harm pursuant to Rule 37(c)(1). *Hoffman v. Constr. Protective Servs.*, 541 F.3d 1175, 1180 (9th Cir. 2008). "Unfair surprise" or unnecessary expenditure can also constitute harm. *Torres v. City of L.A.*, 548 F.3d 1197, 1213 (9th Cir. 2008).

**I.  Document showing price of Inverness Stock (Exhibit 111)**

Exhibit 111 is a document which shows the value of Inverness Medical Innovations' stock on various dates. (Doc. # 63-3 at 40-43). Defendants contend Exhibit 111 was produced for the first time on May 28, 2010. (Doc. # 57 at 2). Plaintiff contends that Exhibit 111 "is information available to the general public about the price of Inverness stock between December 2005 and January 2006," which Defendants knew was at issue based on Plaintiff's

1 answer to Defendants' special interrogatories. (Doc. # 63 at 5). Plaintiff contends the
2 information was "equally available to Inverness" and the failure to previously produce the
3 document was harmless. *Id.* Plaintiff produced Plaintiff's answers to Defendants' special
4 interrogatories dated June 12, 2009 which discuss Plaintiff's damages related to stock options.
5 (Doc. # 63-2 at 2). In their reply, Defendants contend that the fact that this information was
6 public does not render the failure to disclose harmless. (Doc. # 64 at 7).

7 At oral argument, the parties stated they will attempt to reach an agreement to stipulate
8 to the stock price on the relevant dates. Therefore, the Court defers ruing on the objection.

9 **II.     Emails (Exhibits 14, 15, 40)**

10 Exhibits 14, 15, and 40 are emails between Plaintiff and employees of Inverness. (Doc.
11 # 63-3 at 10-18). Defendants contend that Exhibits 14, 15, and 40 were produced for the first
12 time on May 28, 2010. (Doc. # 57 at 2). Plaintiff contends that these document were timely
13 produced. (Doc. # 63 at 3). Plaintiff's counsel states he "personally made copies of these
14 emails and they were produced to Inverness with Manneh's first document production." (Decl.
15 of James C. Mitchell, Doc. # 63-1 at 3). Plaintiff contends that even if Plaintiff had failed to
16 timely to produce these documents, the failure would be harmless because the emails were in
17 Defendants' possession and relate to issues Defendant was previously aware of. (Doc. # 63
18 at 3).

19 Exhibits 14 and 15 are emails between Plaintiff and Katie Garrett, Assistant General
20 Counsel for Inverness. (Doc. # 63 at 10-12). These emails discuss whether Plaintiff would
21 take over Inverness's lease on the laboratory where Plaintiff then worked. *Id.* Exhibit 14, an
22 email sent by Katie Garrett, appears to have been forwarded to Anne Warner, the General
23 Counsel of Inverness, who will testify at trial. *See id.* at 10. At oral argument, Defendants
24 conceded that they were aware that discussions about the lease were at issue in this case.
25 Exhibit 40 is an email sent by Plaintiff to Defendant David Scott which includes a "Cc" to Jack
26 Wilkins. (Doc. # 63-3 at 14-15). This email discusses possibilities for future collaboration
27 between Plaintiff and Inverness. *Id.* At oral argument, Defendants conceded that Defendant
28 Scott would testify about this topic. Even if Plaintiff failed to timely disclose these documents,

1 the Court finds that any late disclosure is harmless.  There is no element of unfair surprise
2 because the emails deal with topics that Defendants knew were at issue. Defendants' objection
3 is overruled as to Exhibits 14, 15, and 40.

### III.     Testimony of William E. Rogers and Financial Records (Exhibits 112-117, 122)

Defendants contend that William E. Rogers was not disclosed as a witness. (Doc. # 62 at 1). Plaintiff contends that "Rogers is an accountant who took over helping Manneh prepare the income and expense statements and balance sheets for a former employee of Manneh's new company, Xen BioFluidx, one Elizabeth Markiefka. Markiefka was identified as a witness" in prior disclosures. (Doc. # 63 at 2). Plaintiff states Markiefka moved to Germany in October 2009, ending her employment with Manneh's company. *Id.*  Plaintiff contends his failure to disclose "Rogers as a substitute witness" was substantially justified because prior to 2010, Plaintiff believed Markiefka would testify. *Id.*  Plaintiff states he offered to allow Defendants to depose Rogers. *Id.*   In their reply, Defendants contend that Plaintiff failed to disclose Rogers immediately upon learning that Markiefka would be unavailable to testify. (Doc. # 64 at 5-6). Defendants contend that "the recent disclosure of Mr. Rogers would be used as an end-run around requirements for expert disclosures, particularly given the fact that Mr. Rogers is not an employee of Plaintiff's company, and was merely retained as an accountant." *Id.* at 6.

Rogers prepared Exhibits 112-117 and 122, which are "2006-20[0]9 income/expense statements" for Plaintiff's business.  (Decl. of James C. Mitchell, Doc. # 63-1 at 3). Defendants contend Plaintiff failed to disclose Exhibits 112-116 until May 28, 2010 and Exhibits 117 and 122 until June 2, 2010.  (Doc. # 57 at 2).  Plaintiff contends that these exhibits were not available before April 2010 and that Defendants will have an opportunity to depose Rogers and Manneh about the records prior to trial. *Id.* at 5-6.  Plaintiff contends that producing Exhibits 112-117 and 122 seven months before trial is sufficient time to allow Defendants to prepare to respond to them. *Id.*  In their reply, Defendants contend that they "should not be punished for Plaintiff's failure to properly investigate his own case and provide timely disclosures."  (Doc. # 64 at 9).

1 The Court concludes that Plaintiff was not "substantially justified" in failing to inform 2 Defendants that it intended to substitute Rogers for Markiefka and in failing to timely disclose 3 the financial records. Plaintiff has conceded that Markiefka stopped working for Plaintiff's 4 company and left the country in October of 2009, eight months before Plaintiff informed 5 Defendants that he intended to change witnesses. As for the financial records, although they 6 were not completed until 2010, there is no extrinsic reason why financial records from 2006 7 through mid-2009 could not have been prepared before the deadline to turn them over to 8 Defendants. When these documents were prepared was entirely within Plaintiff's control. 9 Plaintiff's failure to timely prepare financial records which Plaintiff knew were central to his 10 pending lawsuit prevented Defendants from knowing the extent of Plaintiff's damages and 11 from hiring an expert to review these records. The Court finds that reopening discovery and 12 forcing Defendants to scramble to find an expert at this late date would be prejudicial. 13 Defendants' objection to the financial records contained in Exhibits 112-117 is sustained. 14 Because the records cannot come into evidence, Rogers cannot testify about the contents of the 15 records. It is not clear whether Plaintiff intended to use Rogers for any other purpose, 16 however, it is Plaintiff's burden to establish that allowing the introduction of any other 17 testimony from Rogers would be harmless. The Court finds that Plaintiff has failed to establish 18 that allowing Rogers to testify would be harmless. Defendants' objection to Rogers' testimony 19 is sustained.

**IV.     Marketing Materials for Plaintiff's Business (Exhibits 118-121)**

21 Defendants contend Exhibits 118-121 were first produced on May 28, 2010. (Doc. # 22 57 at 2). Exhibits 118-121 are business documents. (Doc. 63-3 at 76-95). Two of the Exhibits 23 include dates in 2010. (*See* Exs. 119-120, Doc. # 63-3 at 89-92). Plaintiff concedes that the 24 documents were "not formally produced until the pretrial disclosures." (Doc. # 63-1 at 3).

25 Exhibit 118 is entitled "List of Commercial/Grant Opportunities" and appears to be 26 marketing materials for Plaintiff's business. (Doc. # 63 at 76-87). Exhibit 119 is a "Proposed 27 Letter of Intent" addressed to Plaintiff dated "18 February 2010." (Doc. # 63-3 at 89-90). 28 Exhibit 120 is entitled "Novel Time Resolved Fluorescence Platform for Near Patient

1 Diagnostics" and appears to be a summary of a paper presented at a conference which took
2 place in April, 2010. (Doc. # 63-3 at 92). Plaintiff is listed as an author on the paper. *Id.*
3 Exhibit 120 includes numerous graphs and charts shrunk to fit onto a single page which are
4 difficult to read or illegible. *See id.* Exhibit 121 is entitled "Time Resolved Fluorescence: A
5 route to high sensitivity, low cost, rapid diagnostic testing." (Doc. # 63-3 at 94). This
6 document was created by and promotes a business called Cambridge Consultants which is
7 located in Cambridge, England. *Id.*

8 Although some of the documents appear to have been created in 2010, which might
9 "substantially justify" Plaintiff's failure to produce them before the deadline, Plaintiff did not
10 immediately disclose the documents once they were created. Plaintiff has not explained what
11 these documents are, how or by whom they were created, how they were used by Plaintiff's
12 business, or why they are relevant to the issues at hand. The Court finds that these documents
13 have low probative value and that Plaintiff has failed to carry his burden of establishing that
14 his failure to produce the documents earlier is harmless. The Court finds that without re-
15 deposing Plaintiff and possibly consulting an expert, Defendants would be unable to prepare
16 to address these documents at trial because the documents contain technical information.
17 Defendants' objection to Exhibits 118-121 is sustained.

18 **V.    Photographs of Plaintiff's Laboratory (Exhibits 123-142)**

19 Exhibits 123-142 are photographs of Plaintiff's laboratory facilities for his business
20 which were taken in April of 2010 and produced to Defendants' attorney on April 15, 2010.
21 *See* Doc. # 63-3 at 100-103.[1]

22 Although these photographs were not taken until April of 2010, the Court finds that
23 Plaintiff's failure to take photographs of his own laboratory earlier does not "substantially
24 justify" their late disclosure. When the photographs were taken was entirely within Plaintiff's
25 control. Furthermore, based on the representations of counsel at the oral argument and the
26 sample photograph Plaintiff provided to this Court, it appears that some of the unlabeled

---

28 [1] Plaintiff did not produce all of the photographs. Instead he provided Exhibit 125 "as an example." *See* Decl. of James C. Mitchell, Doc. # 63-1 at 4.

photographs depict laboratory equipment which a lay person would be unable to identify. The Court finds that without re-deposing Plaintiff and possibly consulting an expert, Defendants would be unable to prepare to address these photographs at trial. The Court finds that Plaintiff's failure to timely disclose these documents was not harmless. Defendants' objections to Exhibits 123-142 is sustained.

## CONCLUSION

IT IS HEREBY ORDERED that Defendants' Objections (Doc. # 57) are **SUSTAINED** as to Exhibits 112-142 and as to witness William E. Rogers. Defendants Objections are **OVERRULED** as to Exhibits 14, 15, and 40. The Court declines to rule on Defendants Objection to Exhibit 111 at this time due to the parties' representation that they would likely stipulate to the relevant information contained in that exhibit.

DATED: August 12, 2010

**WILLIAM Q. HAYES**
United States District Judge