1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## SOUTHERN DISTRICT OF CALIFORNIA

10

11

| | |
|---|---|
| VICTOR MANNEH, | CASE NO. 08cv653 WQH (AJB) |
| Plaintiff, | ORDER |
| vs. | |
| IVERNESS MEDICAL INNOVATIONS, INC., et al., | |
| Defendants. | |

12
13
14
15
16

HAYES, Judge:

The issue before the Court is Defendants Inverness Medical Innovations, Inc., Innovations Research, LLC, and David Scott's request to bifurcate the trial. (ECF No. 123).

## BACKGROUND

On January 3, 2011, Defendants filed a Bench Brief Regarding Trial on First Claim of Rescission by Fraud and Second Claim of Declaratory Relief - Non Jury Claims. (ECF No. 123). Defendants request bifurcation and a bench trial on Plaintiff's first two claims on the grounds that rescission and declaratory relief are equitable remedies. Defendants contend that *Village Northridge Homeowners Ass'n v. State Farm Fire & Cas. Co.,* 50 Cal.4th 913 (2010) requires that a party to a release successfully rescind the release before he can sue for damages in a jury trial. (ECF No. 125).

On January 10, 2011, Plaintiff filed a Supplemental Trial Brief on the Right to Jury Trial. (ECF No. 127). Plaintiff asserts that he is entitled to a jury trial on all of his claims.

Plaintiff asserts that his second claim for declaratory relief is a legal claim which involves factual issues common to his first claim as well as his remaining claims for breach of contract and fraud. Plaintiff asserts that his case is distinguishable from *Village Northridge* because the plaintiff in that case did not challenge the scope of the release.

### DISCUSSION

In this case, Plaintiff has asserted legal claims including a claim for breach of contract regarding the transfer of laboratory equipment, an alternative claim for the reasonable value of services rendered, and claims for intentional and negligent misrepresentation regarding stock options. Defendants assert affirmative defenses to these claims including waiver based upon a release provision contained in a severance agreement between the parties. The release states: "You hereby agree and acknowledge that by signing this Agreement and accepting the Severance Pay ... you are waiving your right to assert any and all forms of legal Claims against the Company of any kind whatsoever, arising from the beginning of time through the date you execute this Agreement." (ECF No. 1 at 78).

"The seventh amendment preserves the right to trial by jury of all legal claims." *Dollar Systems, Inc. v. Avcar Leasing Systems, Inc.,* 890 F.2d 165, 170 (9th Cir. 1989). "The right to a trial by jury should be determined by the nature of the issues to be tried as framed by the pleadings as a whole when the action is ready for trial." *Bixby v. Hotchkis*, 58 Cal. App. 2d 445, 454 (1943). The right to a jury trial attaches to all of Plaintiff's legal claims and the defenses.

In anticipation of the affirmative defense of waiver, Plaintiff has asserted a claim for declaratory judgment that the scope of the release in the severance agreement does not include Plaintiff's claims for breach of the laboratory equipment contract, the alternative claim for the reasonable value of services rendered, and claims for intentional and negligent misrepresentation regarding the stock options.

28 U.S.C. § 2201 provides, "In a case of actual controversy within its jurisdiction ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not

further relief is or could be sought." 28 U.S.C. § 2201(a).  The Supreme Court has held that the Declaratory Judgment Act, "while allowing prospective defendants to sue to establish their nonliability, specifically preserves the right to jury trial for both parties." *Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 504 (1959).  "Declaratory relief claims may be equitable or legal... [and] their disposition by the court or jury, as the case may be, depends upon the setting in which the issues are framed." *Pacific Indem. Co. v. McDonald*, 107 F.2d 446, 448 (9th Cir. 1939).  "If the issues are raised in an action at law the right to a jury trial obtains (sic) and if raised in an action in equity it may be determined by the court without a jury, or the court may call to its aid a jury whose verdict is advisory."  *Id.*; *see also Patterson v. Insurance Co. of North America*, 6 Cal. App. 3d 310, 315 (1970) (holding that where a declaratory relief claim "is in effect used as a substitute for an action at law for breach of contract, a party is entitled to a jury trial as a matter of right.").  The Court concludes that Plaintiff is entitled to a jury trial on his claim for declaratory judgment because the issues are raised as a response to the defense of waiver to Plaintiff's legal claims.

Even if the jury finds that Plaintiff's claims fall within the scope of the release in the severance agreement, Plaintiff alleges that Defendants made misrepresentations that the release did not waive Plaintiff's claims regarding to the laboratory equipment and stock options voiding the release provision in this case.

In *Village Northridge Homeowners Ass'n v. State Farm Fire & Cas. Co.,* 50 Cal.4th 913 (2010), the California Supreme Court disapproved of allowing a party to settle a claim, affirm a contract releasing that claim, retain benefits conferred, and sue for damages.  *Id*. at 921-23. The court in *Village Northridge Homeowners Ass'n*, stated that the principal law on this issue is "embodied in the holdings of [*Garcia v. California Truck Co.*, 183 Cal. 767, 769 (1920)], and [*Taylor v. Hopper*, 207 Cal. 102, 103 (1929)]."  *Village Northridge Homeowners Ass'n,* 50 Cal.4th at 921, 931; *see also Taylor*, 207 Cal. at 103 (upholding demurrer of a complaint which was barred by a release and did not seek rescission); *Garcia*, 183 Cal. at 769 (explaining that a release would waive plaintiff's claims for personal injury damages and the plaintiff has not sought rescission prior to filing suit and did not seek rescission in the complaint).

However, it has long been recognized that there is a distinction "between cases of contracts of known content voidable because induced by fraud, and cases of no contract beyond the boundaries of mutual intent ...." *Dubois v. Sparrow*, 92 Cal. App. 3d 290, 298-99 (1979). "If the fraud goes to the execution or inception of the contract, so that the promisors do not know what they are signing, the contract lacks mutual assent and is void." *Village Northridge Homeowners Ass'n,* 50 Cal.4th at 921 (explaining that where there is fraud in the execution the contract "may be disregarded without the necessity of rescission.") (citations omitted).

The Court concludes that based on the pleadings in this case, Plaintiff is entitled to a jury trial on his claim of fraud as to the contents of the release provision in the severance agreement. Where a there is fraud as to the contents of a contract, the right to jury trial attaches. *See Frusetta v. Hauben,* 217 Cal. App. 3d 551, 556-57 (1990) (finding that a there was a triable issue of fact as to whether "a fraud or misrepresentation ... induced a party's signing of a release [where] it substantially contribute[d] to his decision to manifest his assent."); *see also Pacific Greyhound Lines v. Zane*, 160 F.2d 731, 736 (9th Cir. 1947) ("[I]t was the province of the jury to determine from all of the evidence whether appellees had been tricked by the fraudulent acts and representations of appellant's agents into believing that they were signing a release which, by its terms, covered only [a limited claim].)

"When legal and equitable claims are joined in the same action, the trial judge has only limited discretion in determining the sequence of trial and 'that discretion ... must, wherever possible, be exercised to preserve jury trial.'" *Dollar Systems, Inc.,* 890 F.2d at 170 (quoting *Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 510 (1959)). "'[O]nly under the most imperative circumstances ... can the right to a jury trial of legal issues be lost through prior determination of equitable claims.'" *Dollar Systems, Inc.,* 890 F.2d at 170 (quoting *Beacon Theatres, Inc.*, 359 U.S. at 510-11). "[W]here there are issues common to both the equitable and legal claims, 'the legal claims involved in the action must be determined prior to any final court determination of [the] equitable claims.'" *Dollar Systems, Inc.,* 890 F.2d at 170 (quoting *Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 479 (1962)). The resolution of any equitable claims by the Court prior to trial on the legal claims and defenses is not appropriate because "there

1  are issues common to both the equitable and legal claims." *Dollar Systems, Inc.,* 890 F.2d at

2  170.  Accordingly, the Court will not exercise its discretion to bifurcate the trial and conduct

3  a bench trial prior to the jury trial.

4                                    **CONCLUSION**

5           IT IS HEREBY ORDERED that Defendants' request to bifurcate the trial is denied.

6  The jury trial will proceed on Plaintiff's claims of breach of the laboratory equipment contract,

7  the alternative claim for the reasonable value of services rendered, and claims for intentional

8  and negligent misrepresentation regarding the stock options; all of Defendants' affirmative

9  defenses including waiver; and Plaintiff's claims that the scope of the release did not include

10 the laboratory equipment or stock options and fraud as to the contents of the release provision.

11 The jury trial is set for June 7, 2011 at 9:00 a.m. in Courtroom 4.

12 DATED:  February 11, 2011

13

14                                    **WILLIAM Q. HAYES**
                                      United States District Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28